**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TIDEWATER INVESTMENT SRL and TIDEWATER CARIBE, S.A., <br><br> Plaintiffs, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 19-79-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., and CONTRARIAN DOME DU GOUTER MASTER FUND, LP, <br><br> Plaintiffs, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 21-18-LPS |
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC, <br><br> Plaintiffs, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 22-131-LPS |

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS, L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>   Plaintiffs,<br> v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>   Defendant. | Misc. No. 22-263-LPS |
| VALORES MUNDIALES, S.L. and CONSORCIO ANDINO, S.L.,<br><br>   Plaintiffs,<br> v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>   Defendant. | Misc. No. 23-298-LPS |
| RUDI LOVATI and ALESSANDRO LUCIBELLO PIANI,<br><br>   Plaintiffs,<br> v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>   Defendant. | Misc. No. 23-340-LPS |
| PHARO GAIA FUND LTD. and PHARO MACRO FUND LTD.,<br><br>   Plaintiffs,<br> v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>   Defendant. | Misc. No. 23-360-LPS |

| | |
|---|---|
| PHARO GAIA FUND LTD., PHARO MACRO FUND LTD. and PHARO TRADING FUND, LTD., <br><br> Plaintiffs, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-361-LPS |
| GRAMERCY DISTRESSED OPPORTUNITY FUND LLC, <br><br> Plaintiff, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-378-LPS |
| GRAMERCY DISTRESSED OPPORTUNITY FUND LLC, <br><br> Plaintiff, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-379-LPS |
| SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE, <br><br> Plaintiff, <br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Misc. No. 23-397-LPS |

**REPLY BRIEF OF THE VENEZUELA PARTIES IN FURTHER SUPPORT OF THEIR MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

OF COUNSEL:

Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

Dated: December 7, 2023

A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
childs@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

Joseph D. Pizzurro
Kevin A. Meehan
Juan O. Perla
Aubre G. Dean
Allesandra D. Tyler
CURTIS, MALLET PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6000
jpizzurro@curtis.com
kmeehan@curtis.com
jperla@curtis.com
adean@curtis.com
atyler@curtis.com

Dated: December 7, 2023

Samuel T. Hirzel, II (#4415)
Brendan Patrick McDonnell (#7086)
HEYMAN ENERIO GATTUSO & HIRZEL, LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
SHirzel@hegh.law
bmcdonnell@hegh.law

*Attorneys for Intervenor Petróleos de Venezuela, S.A. in the Contrarian, Lovati, Pharo Gaia, Gramercy, and Saint-Gobain Cases*

| | |
|---|---|
| Claire A. DeLelle<br>Nicole Erb<br>Benedict S. Bernstein<br>WHITE & CASE LLP<br>701 Thirteenth Street N.W.<br>Washington, D.C. 20003<br>(202) 626-3600<br>claire.delelle@whitecase.com<br>nerb@whitecase.com<br>benedict.bernstein@whitecase.com | Samuel T. Hirzel, II (#4415)<br>Brendan Patrick McDonnell (#7086)<br>HEYMAN ENERIO GATTUSO & HIRZEL, LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>SHirzel@hegh.law<br>bmcdonnell@hegh.law<br><br>*Attorneys for Intervenor Petróleos de Venezuela, S.A. in the Tidewater and Valores Cases* |

Dated: December 7, 2023

## TABLE OF CONTENTS

| | | Page |
|---|---|---:|
| I. | PDVSA'S NOTICE OF APPEAL CREATES NO IMPEDIMENT TO THE COURT'S ABILITY TO GRANT THE MOTION FOR CERTIFICATION | 1 |
| II. | THE SECTION 1292(B) FACTORS UNAMBIGUOUSLY FAVOR CERTIFICATION OF THE NOVEMBER 1 ORDER. | 3 |
| | A. An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation. | 4 |
| | B. There Exist Substantial Grounds for Difference of Opinion. | 7 |
| | C. The November 1 Order Involves a Controlling Question of Law. | 8 |
| III. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*,
  39 F. Supp. 3d 516 (S.D.N.Y. 2014) ........................................................................... 7

*Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*,
  No. 12-CV-8852 (JMF), 2014 WL 1881075 (S.D.N.Y. May 9, 2014) ..................... 2

*Bachman Co. v. McGonigle*,
  855 F. Supp. 759 (E.D. Pa. 1994) .............................................................................. 3

*Christiansen v. Mech. Contractors Bid Depository*,
  404 F.2d 324 (10th Cir. 1968) ................................................................................... 7

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*,
  333 F. Supp. 3d 380 (D. Del. 2018) .......................................................................... 9

*Crystallex Intl' Corp. v. Bolivarian Republic of Venez.*,
  D. Del. C.A. No. 1:17-mc-00151-LPS, D.I. 789-1 ............................................... 4, 9

*Dartell v. Tibet Pharms., Inc.*,
  No. CV 14-3620, 2018 WL 994896 (D.N.J. Feb. 21, 2018) .................................... 5

*Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*,
  657 F. Supp. 2d 504 (D.N.J. 2009) ........................................................................... 3

*Griggs v. Provident Consumer Disc. Co.*,
  459 U.S. 56 (1982) (per curiam) ............................................................................... 2

*In re JRV Grp. USA L.P.*,
  No. 19-11095 (KBO), 2022 WL 3646288 (D. Del. Aug. 24, 2022) ........................ 5

*Katz v. Carte Blanche Corp.*,
  496 F.2d 747 (3d. Cir. 1974) ................................................................................... 10

*Marcelle v. City of Allentown*,
  C.A. No. 07-CV-4376, 2010 WL 3606405 (E.D. Pa. Sept. 16, 2010) ..................... 7

*Milbert v. Bison Lab'ys, Inc.*,
  260 F.2d 431 (3d Cir. 1958) ...................................................................................... 3

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) ................................................................................................... 4

*OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*,
   No. 22-MC-156-LPS, 2023 WL 3166727 (D. Del. Apr. 28, 2023)............................................1

*OI European Grp. B.V. v. Bolivarian Republic of Venezuela*,
   73 F.4th 157 (3d Cir. 2023) ......................................................................................................1

*Patrick v. Dell Fin. Servs.*,
   366 B.R. 378 (M.D. Pa. 2007) ..................................................................................................5

*Reese v. BP Expl. (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) .................................................................................................7, 8

*Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*,
   Misc. No. 19-79-LPS, 2023 WL 7182179, at *11 n.14 (D. Del. Nov. 1, 2023).......................10

*Tilden Fin. Corp. v. Palo Tire Serv., Inc.*,
   596 F.2d 604 (3d Cir. 1979)......................................................................................................2

*In re Trump*,
   874 F.3d 948 (6th Cir. 2017) ....................................................................................................8

**STATE CASES**

*Buechner v. Farbenfabriken Bayer Aktiengesellschaft*,
   154 A.2d 684 (Del. 1959) .........................................................................................................8

*Burge v. Fid. Bond & Mortg. Co.*,
   648 A.2d 414 (Del. 1994) .........................................................................................................6

**FEDERAL STATUTES**

28 U.S.C. § 1292................................................................................................................... passim

**FEDERAL RULES**

Federal Rule of Appellate Procedure 4 .....................................................................................2, 3

Federal Rule of Civil Procedure 54 ................................................................................................2

Federal Rule of Civil Procedure 59 .............................................................................................2, 3

Federal Rule of Civil Procedure 62.1 .............................................................................................3

Federal Rule of Civil Procedure 69 ....................................................................................... passim

**TREATISES**

16 Charles Alan Wright, et al., Federal Practice & Procedure Jurisdiction § 3930
   (3d ed.) .....................................................................................................................................8

16A Charles Alan Wright, et al., Federal Practice & Procedure Jurisdiction § 3949.1 (5th ed.) ................................................................................................................2

The Venezuela Parties[1] submit this reply brief in further support of their motion for certification of the Court's November 1 Order for interlocutory appeal under 28 U.S.C. § 1292(b) and in response to the Court's December 4, 2023 order requesting a "discussion of the impact (on the Court's jurisdiction and on the merits of the request), if any, of the filing of [PDVSA's] notice of appeal from the Court's November 1 memorandum opinion and order."

I. **PDVSA's Notices of Appeal Create No Impediment to the Court's Ability to Grant the Motion for Certification.**

On December 1, 2023, PDVSA filed protective notices of appeal to preserve its arguments about FSIA immunity after the Court issued its November 1 Order denying its motions to dismiss on FSIA grounds. The parties in each of the actions covered by the November 1 Order had stipulated that in light of the Third Circuit's decision in *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157 (3d Cir. 2023) ("*OIEG II*"), PDVSA agreed to the entry of an order denying PDVSA's motions to dismiss. But PDVSA expressly "preserved" its right to appeal "from the determination that PDVSA is not immune under the FSIA" and its "right to assert that PDVSA is immune under the FSIA from the attachment sought in this action if *OIEG II* is reversed, modified, or overruled." *See* Misc. Nos. 19-79 D.I. 57; 21-18 D.I. 52; 22-131 D.I 51; 22-263 D.I. 51; 23-298 D.I. 17; 23-340 D.I. 11; 23-360 D.I. 11; 23-361 D.I. 11; 23-378 D.I. 18; 23-379 D.I. 17; 23-397 D.I. 11. PDVSA elected to exercise those rights by filing protective notices of appeal.

This Court retains jurisdiction to rule on the Venezuela Parties' motion for interlocutory certification notwithstanding PDVSA's recently filed notices of appeal. While the filing of a notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal," *OI Eur. Grp. B.V. v. Bolivarian*

---

[1] Terms defined in the Venezuela Parties' opening brief have the same meaning herein.

*Republic of Venezuela*, No. 22-MC-156-LPS, 2023 WL 3166727, at *1 (D. Del. Apr. 28, 2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam)), courts have long recognized that a district court may continue to "act in aid of the court of appeals' exercise of its jurisdiction," 16A Charles Alan Wright, et al., Federal Practice & Procedure Jurisdiction § 3949.1 (5th ed.). The Third Circuit permits, for example, a district court to issue a Rule 54(b) certification of a non-final order *after* the filing of a notice of appeal from that order. *See Tilden Fin. Corp. v. Palo Tire Serv., Inc.*, 596 F.2d 604, 606-07 (3d Cir. 1979). The same result should follow for a Section 1292(b) certification, because it likewise seeks to *support*, not undermine, the appellate court's jurisdiction. *See, e.g.*, *Atlantica Holdings, Inc. v. Sovereign Wealth Fund Samruk-Kazyna JSC*, No. 12-CV-8852 (JMF), 2014 WL 1881075, at *1-2 (S.D.N.Y. May 9, 2014) (where a defendant had already filed a notice of appeal seeking review of an order denying it FSIA immunity, the court granted the defendant's motion to certify for interlocutory appeal a different, merits-related "portion" of the same order).

Moreover, the notices of appeal do not even trigger the *Griggs* divestment rule because their effectiveness is currently tolled by operation of Rule 4(a) of the Federal Rules of Appellate Procedure. Rule 4(a) provides that, "[i]f a party files a notice of appeal after the court announces or enters a judgment — but before it disposes of [a] motion . . . to alter or amend the judgment under Rule 59" — "the notice becomes effective . . . when the order disposing of [that] motion is entered." Fed. R. App. P. 4(a)(4)(A)(iv), 4(a)(4)(B)(i). Here, the Venezuela Parties' motion for Section 1292(b) certification was necessarily a motion to amend the judgment pursuant to Rule 59, because Section 1292(b) requires a district court that concludes that an order meets the certification standard to "so state in writing *in such order*." 28 U.S.C. § 1292(b) (emphasis added). Courts have long recognized that Rule 59(e) is what "permits the Court to amend or correct an

order under 28 U.S.C. § 1292(b) so as to include certification for immediate appeal to the . . . Third Circuit." *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 657 F. Supp. 2d 504, 507 (D.N.J. 2009); *see Milbert v. Bison Lab'ys, Inc.*, 260 F.2d 431, 435 (3d Cir. 1958) (explaining that Rule 59(e) permits a district court to "insert[]" its "statement" certifying that the Section 1292(b) factors have been meet within the text of the order to be certified); *see also Bachman Co. v. McGonigle*, 855 F. Supp. 759, 763 (E.D. Pa. 1994) ("[T]he moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for the relief requested." (citation and internal quotation marks omitted)). Accordingly, PDVSA's notices of appeal will become "effective" after an "order disposing of the . . . motion is entered," Fed. R. App. P. 4(a)(4)(B)(i), thus eliminating any jurisdictional barrier to the Court's entry of an order certifying its November 1 Order for interlocutory appeal.

In all events, if the Court were to conclude that PDVSA's notices of appeal prevent it from deciding the Venezuela Parties' pending motion for certification of an interlocutory appeal, it should at the very least issue an indicative ruling, pursuant to Rule 62.1, that it would certify the November 1 Order if the Third Circuit remanded for that limited purpose.

## II. The Section 1292(b) Factors Unambiguously Favor Certification of the November 1 Order.

In opposing the Venezuela Parties' request for interlocutory certification, the Seven Creditors do not contest that the sale they seek to force is unprecedented and would represent one of the largest forced sales in Delaware history. The Seven Creditors' actual or conditional attachments, claimed to secure judgments of over $8 billion, depend on this Court's Rule 69 decision being correct. And if the Third Circuit disagrees with this Court's Rule 69 decision, it may require the Court to unravel and/or re-run the sale process, undoing years of preparation and duplicating immense costs for both the Court and the parties.

The Seven Creditors dismiss this situation as one devoid of "exceptional circumstances." Seven Creditors' Br. 14 (internal quotation marks omitted). But it is hard to imagine what circumstances would be more exceptional than these. Inviting the Third Circuit to definitively answer now a question at the heart of this case — whether Plaintiffs must satisfy the Delaware alter ego standard to reach property held by PDVSA, and not the Republic, to satisfy the Republic's obligations — is the most sensible and pragmatic approach, and one supported by each of the factors articulated in 28 U.S.C. § 1292(b). *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009) (stating that "district courts should not hesitate to certify an interlocutory appeal" when an order "involves a new legal question or is of special consequence").

### A. An Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation.

The Seven Creditors argue that an interlocutory appeal would not materially advance the termination of this litigation because the sale process may proceed even if the Third Circuit agrees with the Venezuela Parties that Delaware alter-ego law applies in this case. They argue that, because the creditors with judgments against PDVSA only are unaffected by an appellate ruling on the alter-ego issue — and because a "sale will proceed regardless" — this factor is not satisfied. Seven Creditors' Br. at 11-12.

Plaintiffs overlook that claims against the Republic alone — and not PDVSA — constitute $20.6 billion of the $24 billion sought by creditors in the sale process. *See Crystallex Intl' Corp. v. Bolivarian Republic of Venez.,* D. Del. C.A. No. 1:17-mc-00151-LPS, D.I. 789-1. A sale of shares of PDVH to raise (at most) $3.4 billion, while still unprecedented, raises dramatically different considerations than a sale to raise $24 billion — not least including the likelihood that it would require only the sale of a minority interest of PDVH.

Section 1292(b)'s "materially advance the ultimate termination of the litigation" factor does not require that appellate review will result in the immediate termination of the litigation. *See, e.g.*, *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D. Pa. 2007) ("While a reversal of the . . . Order does not, by itself, terminate this litigation, it would resolve a large portion of the litigation without wasting the scarce resources of the [trial] [c]ourt and the parties."). Instead, this factor is met where — as here — the interlocutory review may "eliminate[] complex issues so as to simplify" the litigation. *In re JRV Grp. USA L.P.*, No. 19-11095 (KBO), 2022 WL 3646288, at *6 (D. Del. Aug. 24, 2022); *see also Dartell v. Tibet Pharms., Inc.*, No. CV 14-3620, 2018 WL 994896, at *2 (D.N.J. Feb. 21, 2018) ("This element does not require a movant to establish that an appeal would *guarantee* termination of the litigation, but rather requires the court to analyze whether an immediate appeal *may* materially advance the termination of the litigation." (citation and internal quotation marks omitted)). Guidance from the Third Circuit would give bidders, parties, and the Special Master clarity as to the order of magnitude of the judgments to be satisfied by the sale — a crucial issue to bidders seeking financing and making decisions about what to bid, to all stakeholders addressing the issues of minority ownership in PDVH, and to PDVSA itself. The Seven Creditors' argument that the sale process would "proceed regardless" of interlocutory review misses the point: what would have to be sold, and how it would be sold, would be dramatically different. By determining whether the sale must satisfy only the judgments against PDVSA, or whether it must satisfy the much larger judgments against the Republic, guidance from the Third Circuit would enable participants in the sale process to know how much of PDVH is in play.

Resolving an open question now that could vitiate over 85% of the potential judgment load to be satisfied in the sale process clearly "may materially advance the termination of the litigation,"

as it would prevent the need to unwind and potentially re-run the entire sale process. Absent guidance from an interlocutory appeal, it is possible or even likely that the only bids received in the course of the sale process are for complete or majority ownership of PDVH. If, at the end of that sale process, upon review of a final order, the Third Circuit were to agree with the Venezuela Parties on the Delaware issue, the whole sale process could have to be re-designed and re-run around the sale of a minority stake. And even if, upon review of the final order at the end of the sale process, the Third Circuit were to agree with this Court's decision on the Delaware issue, the sale process may still need to be repeated because the uncertainty caused by the lack of definitive guidance from the Third Circuit *before* the sale concludes will cause potential bidders to discount their bids or refrain from bidding altogether. *See Burge v. Fid. Bond & Mortg. Co.*, 648 A.2d 414, 419 (Del. 1994) (explaining that a court reviewing a sale "must ascertain whether there was some defect or irregularity in the process or mode of conducting the sale" and that "impropriety, misconduct, surprise or irregularity in the sale process will support judicial invalidation of the sale") (internal quotation marks omitted)).

The Seven Creditors dismiss these important considerations — which go to the heart of whether interlocutory appeal "may materially advance the ultimate termination of the litigation" — merely because "there is no looming trial or event which could be avoided by interlocutory appeal." Seven Creditors' Br. at 6. But this is not the relevant inquiry; interlocutory review may materially advance the *ultimate* termination of the litigation even if appellate review does not result in *immediate* termination, as the Seven Creditors seem to argue.

The Seven Creditors mistakenly argue that an interlocutory appeal would somehow "cause" this uncertainty about how much must be sold. Seven Creditors' Br. at 13. But the uncertainty is there now. An interlocutory appeal creates the opportunity to *resolve* that

uncertainty by clarifying what must be sold before, rather than after, an order approving a sale. It is better to invite the Third Circuit to address this issue now rather than wait until the end of the costly sale process, "only to find out on direct appeal" that the final sale order must be set aside. *See Marcelle v. City of Allentown*, C.A. No. 07-CV-4376, 2010 WL 3606405, at *2 (E.D. Pa. Sept. 16, 2010).

### B. There Exist Substantial Grounds for Difference of Opinion.

The Seven Creditors also concede that cases cited by the Venezuela Parties "apply state alter-ego law" in the Rule 69 context to determine what property can be reached. Seven Creditors' Br. 10 & n.5; *see Christiansen v. Mech. Contractors Bid Depository*, 404 F.2d 324, 325 (10th Cir. 1968) (Utah law governed whether property held by alleged successor and alter ego corporation could be attached in satisfaction of judgment against old corporation); *Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 524 (S.D.N.Y. 2014) (applying New York veil-piercing standard to Rule 69(a) motion to attach third-party property under an alter ego theory).[2] In light of the many cases cited by the Venezuela Parties, both in their Section 1292(b) papers as well as their underlying papers, the Venezuela Parties have amply demonstrated that "reasonable jurists might disagree" — all that this Section 1292(b) factor requires. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

The Seven Creditors' contrary position misunderstands the standard governing the "substantial ground for difference of opinion" factor. "A substantial ground for difference of

---

[2] The Seven Creditors attempt to dismiss these cases by suggesting merely that the respective courts which applied state alter-ego law under Rule 69 did not "address[] whether doing so is *required* by Rule 69." Seven Creditors Br. 10 (emphasis added). No such distinction appears in the cases, which do not treat the application of state law as a matter for a court's discretion. The Seven Creditors do not dispute that in each case, the court applying Rule 69 concluded it was appropriate to look to state law principles in evaluating the merits of an alter ego claim.

opinion exists where reasonable jurists *might* disagree on an issue's resolution, not merely where they have already disagreed." *Reese*, 643 F.3d at 688 (emphasis added); *In re Trump*, 874 F.3d 948, 952 (6th Cir. 2017) (same). "[A] novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese*, 643 F.3d at 688 & n.5 (rejecting the proposition that "adverse authority [must] develop around an issue before [the Court of Appeals] review[s] it on interlocutory appeal"). At the very least, the Venezuela Parties have shown that jurists may come to different conclusions on the Rule 69 issue decided by the Court in its November 1 Order.[3]

### C. The November 1 Order Involves a Controlling Question of Law.

The question of whether Delaware law or federal common law provides the appropriate standard in evaluating the Seven Creditors' attachment motions remains controlling. In arguing otherwise, the Seven Creditors advance a legal standard that Section 1292 does not demand. *See, e.g.*, Seven Creditors' Br. 6 (arguing that because "there is no looming trial or event which could be avoided by interlocutory appeal," the question of law cannot be "controlling"). To be clear, a question "is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants." 16 Charles Alan Wright, et al., Federal Practice & Procedure Juris. § 3930 (3d ed.). That standard is clearly met here, where clarification of the Rule 69 issue would provide clarity and potentially save this Court from having to repeat an expensive sale process. And the issue is certainly controlling as to *these* Seven Creditors' entitlement to attach or execute upon the PDVH shares.

---

[3] Similarly, the Venezuela Parties have demonstrated that, at a minimum, jurists may disagree on whether the Court needs to look to Delaware choice-of-law principles to determine what alter ego law to apply in this situation. *See Buechner v. Farbenfabriken Bayer Aktiengesellschaft*, 154 A.2d 684, 686 (Del. 1959) (applying Delaware alter ego law, and not Delaware choice-of-law principles, in a post-judgment enforcement case).

The Seven Creditors accuse the Venezuela Parties of "all but ignor[ing]" the November 1 Order's conclusions about collateral estoppel. Seven Creditors' Br. 4. Not so. As discussed in the Venezuela Parties opening brief, *see* Opening Br. 17-18, the Court's alternative collateral-estoppel holding does not negate the existence of a controlling question. This Court's prior, non-final decisions in the *Crystallex* and *OIEG* cases form the basis for the Court's conclusions about collateral estoppel in the November 1 Order. But the Third Circuit has not yet reviewed those decisions on appeal, and if it were to reject them, then they would not have any preclusive effect in these cases. Rather than waiting to reverse those decisions on appeal from a final sale order, the Third Circuit could well choose to reject them in this interlocutory appeal, given the practical reasons why it is important to resolve the uncertainty before the sale. The Seven Creditors speculate that it is "unlikely" the Third Circuit would do so, Seven Creditors' Br. 5, but that speculation is both unfounded and, more importantly, unnecessary. If, despite the practical factors that warrant issuing definitive guidance now, the Third Circuit believes it advisable to leave the issues uncertain until an appeal from a final order in these or the *Crystallex* and *OIEG* actions, Section 1292(b) gives it discretion to deny the application that the Venezuela Parties must make to that court after this Court grants the pending motion. But this Court should certify the question so that the Third Circuit has the opportunity to decide for itself whether it wishes to provide definitive guidance now.

Moreover, the Seven Creditors wrongly argue that the "controlling question of law" factor is not satisfied here because "if reversal on appeal were possible, it would result only in remand to determine whether Delaware's alter-ego test is satisfied." Seven Creditors' Br. 3. This Court has already once found that a creditor failed to show that the "Republic abused PDVSA's corporate form to perpetrate a fraud or injustice" on similar facts and assertions, *Crystallex Int'l Corp. v.*

*Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 403 (D. Del. 2018), and the November 1 Order does not dispute that the Seven Creditors are unable to meet the stringent Delaware test, *see Tidewater Inv. SRL v. Bolivarian Republic of Venez.*, Misc. No. 19-79-LPS, 2023 WL 7182179, at *11 n.14 (D. Del. Nov. 1, 2023). But even if the Third Circuit were to remand for purposes of determining whether the Seven Creditors can satisfy the Delaware alter ego test (which they plainly cannot), this scenario does not negate the existence of a controlling question because the Rule 69 question continues to be "serious to the conduct of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d. Cir. 1974).

### III. Conclusion

The Court should certify the November 1 Order granting the Seven Creditors' attachment motions and denying PDVSA's motions to dismiss for interlocutory appeal under 28 U.S.C. § 1292(b).

Dated: December 7, 2023

Respectfully submitted,

*/s/ Christopher Fitzpatrick Cannataro*

OF COUNSEL:
Donald B. Verrilli, Jr.
Elaine J. Goldenberg
Ginger D. Anders
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Elaine.Goldenberg@mto.com
Ginger.Anders@mto.com

George M. Garvey
Adeel Mohammadi
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100
George.Garvey@mto.com
Adeel.Mohammadi@mto.com

A. Thompson Bayliss (#4379)
Christopher Fitzpatrick Cannataro (#6621)
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807
(302) 778-1000
bayliss@abramsbayliss.com
cannataro@abramsbayliss.com

*Attorneys for Bolivarian Republic of Venezuela*

| | |
|---|---|
| Joseph D. Pizzurro<br>Kevin A. Meehan<br>Juan O. Perla<br>Aubre G. Dean<br>Allesandra D. Tyler<br>CURTIS, MALLET PREVOST,<br>COLT & MOSLE LLP<br>101 Park Avenue<br>New York, NY 10178<br>(212) 696-6000<br>jpizzurro@curtis.com<br>kmeehan@curtis.com<br>jperla@curtis.com<br>adean@curtis.com<br>atyler@curtis.com | */s/ Samuel T. Hirzel, II*<br>Samuel T. Hirzel, II (#4415)<br>Brendan Patrick McDonnell (#7086)<br>HEYMAN ENERIO GATTUSO & HIRZEL, LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>SHirzel@hegh.law<br>bmcdonnell@hegh.law<br><br>*Attorneys for Intervenor Petróleos de Venezuela, S.A. in the Contrarian, Lovati, Pharo Gaia, Gramercy, and Saint-Gobain Cases* |
| Claire A. DeLelle<br>Nicole Erb<br>Benedict S. Bernstein<br>WHITE & CASE LLP<br>701 Thirteenth Street N.W.<br>Washington, D.C. 20003<br>(202) 626-3600<br>claire.delelle@whitecase.com<br>nerb@whitecase.com<br>benedict.bernstein@whitecase.com | Samuel T. Hirzel, II (#4415)<br>Brendan Patrick McDonnell (#7086)<br>HEYMAN ENERIO GATTUSO & HIRZEL, LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>SHirzel@hegh.law<br>bmcdonnell@hegh.law<br><br>*Attorneys for Intervenor Petróleos de Venezuela, S.A. in the Tidewater and Valores Cases* |