# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, EMMA 1 MASTER FUND, L.P., CONTRARIAN FUNDS, L.L.C., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>        Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        Defendant. | Nos. 21 Misc. 18, 22 Misc. 131 & 22 Misc. 263 (LPS) |
| SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,<br><br>        Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | No. 23 Misc. 397 (LPS) |
| TIDEWATER INVESTMENT SRL and TIDEWATER CARIBE, S.A.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | No. 19 Misc. 79 (LPS) |
| VALORES MUNDIALES, S.L. and CONSORCIO ANDINO, S.L.,<br><br>        Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>       Defendant. | No. 23 Misc. 298 (LPS) |

| | |
|---|---|
| RUDI LOVATI and ALESSANDRO LUCIBELLO PIANI,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br>                    Defendant. | No. 23 Misc. 340 (LPS) |
| PHARO GAIA FUND LTD., and PHARO MACRO FUND LTD.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br>                    Defendant. | No. 23 Misc. 360 (LPS) |
| PHARO GAIA FUND LTD., PHARO MACRO FUND LTD. and PHARO TRADING FUND, LTD.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br>                    Defendant. | No. 23 Misc. 361 (LPS) |
| GRAMERCY DISTRESSED OPPORTUNITY FUND LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br>                    Defendant. | Nos. 23 Misc. 378 & 23 Misc. 379 (LPS) |

**SEVEN CREDITORS' SUR-REPLY IN OPPOSITION TO THE VENEZUELA PARTIES' MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL**

Mark W. Friedman (admitted *pro hac vice*)
William H. Taft V (admitted *pro hac vice*)
Sarah Lee (admitted *pro hac vice*)
Juan Fandiño (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York, 11001
Tel.: (212) 909 6000
mwfriedman@debevoise.com
whtaft@debevoise.com
slee1@debevoise.com
jfandino@debevoise.com

Theodore A. Kittila (Bar No. 3963)
HALLORAN FARKAS + KITTILA LLP
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Tel.: (302) 257 2025
tk@hfk.law

*Counsel for Gramercy Distressed Opportunity Fund LLC*

Steven F. Molo (admitted *pro hac vice*)
Justin M. Ellis (admitted *pro hac vice*)
Lauren F. Dayton (admitted *pro hac vice*)
Mark W. Kelley (admitted *pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
LANDIS RATH & COBB LLP
919 Market Street, Suite 1800
Wilmington, DE 19801
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

Lois S. Ahn (admitted *pro hac vice*)*
MOLOLAMKEN LLP
600 New Hampshire Avenue, NW, Suite 500
Washington, DC 20037
Tel.: (202) 556-2000
Fax: (202) 556-2001
*admitted only in New York; practice limited to matters before federal courts and federal agencies

*Counsel for the Contrarian Parties*

| | |
|---|---|
| Alexander A. Yanos (admitted *pro hac vice*) <br> ALSTON & BIRD, LLP <br> 90 Park Avenue, 15th Floor <br> New York, NY 10016 <br> Tel.: (212) 210-9400 <br> alex.yanos@alston.com <br><br> Robert Poole (admitted *pro hac vice*) <br> ALSTON & BIRD, LLP <br> 1201 W. Peachtree St. NE, Suite 4900 <br> Atlanta, GA 30309 <br> Tel.: (404) 881-4547 <br> robert.poole@alston.com | Laura Davis Jones (DE Bar No. 2436) <br> Peter J. Keane (DE Bar No. 5503) <br> PACHULSKI STANG ZIEHL & JONES LLP <br> 919 North Market Street, Suite 1700 <br> P.O. Box 8705 <br> Wilmington, DE 19899 <br> Tel.: (302) 652-4100 <br> ljones@pszjlaw.com <br> pkeane@pszjlaw.com |

*Counsel for Saint-Gobain Performance Plastics Europe*

| | |
|---|---|
| Miguel López Forastier (admitted *pro hac vice*) <br> Mark Herman (admitted *pro hac vice*) <br> COVINGTON & BURLING LLP <br> One City Center <br> 850 Tenth Street, NW <br> Washington, D.C. 20001 <br> Tel.: (202) 662-5185 <br> mlopezforastier@cov.com <br> mherman@cov.com | Andrew S. Dupre (#4621) <br> Sarah E. Delia (#5833) <br> MCCARTER & ENGLISH LLP <br> Renaissance Centre <br> 405 N. King Street, 8th Floor <br> Wilmington, DE 19801 <br> Tel.: (302) 984-6300 <br> adupre@mccarter.com <br> sdelia@mccarter.com |

*Counsel for Tidewater Investment SRL & Tidewater Caribe S.A.*

| | |
|---|---|
| Miguel López Forastier (admitted *pro hac vice*) <br> José E. Arvelo (admitted *pro hac vice*) <br> COVINGTON & BURLING LLP <br> One City Center <br> 850 Tenth Street, NW <br> Washington, D.C. 20001 <br> Tel.: (202) 662-5185 <br> mlopezforastier@cov.com <br> jarvelo@cov.com | Andrew S. Dupre (#4621) <br> Sarah E. Delia (#5833) <br> MCCARTER & ENGLISH LLP <br> Renaissance Centre <br> 405 N. King Street, 8th Floor <br> Wilmington, DE 19801 <br> Tel.: (302) 984-6300 <br> adupre@mccarter.com <br> sdelia@mccarter.com |

*Counsel for Valores Mundiales, S.L. and Consorcio Andino, S.L.*

| | |
|---|---|
| | Stephen B. Brauerman (#4952) <br> Sarah T. Andrade (#6157) <br> BAYARD, P.A. <br> 600 N. King Street, Suite 400 <br> Wilmington, Delaware 19801 <br> Tel.: (302) 655-5000 <br> sbrauerman@bayardlaw.com <br> sandrade@bayardlaw.com |

*Counsel for Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd.*

| | |
|---|---|
| Anthony J. Costantini, Esq. | Christopher M. Winter (DE 4163) |
| Stephanie Lamerce, Esq. | James C. Carignan (DE 4230) |
| DUANE MORRIS LLP | Mackenzie M. Wrobel (No. 6088) |
| 1540 Broadway | Tracey E. Timlin (No. 6469) |
| New York, NY  10036-4086 | 1201 N. Market Street, No. 501 |
| Telephone: (212) 692-1006 | Wilmington, DE 19801 |
| Facsimile: (212) 202-4486 | Tel.: (302) 657-4900 |
| AJCostantini@duanemorris.com | cmwinter@duanemorris.com |
| SLamerce@duanemorris.com | jccarignan@duanemorris.com |
| (to be admitted *pro hac vice*) | mmwrobel@duanemorris.com |
| | ttimlin@duanemorris.com |

*Counsel to Rudi Lovati and Alessandro Lucibello Piani*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I.   PDVSA's Notice of Appeal Does Not Impact the Court's Jurisdiction to Deny the Venezuela Parties' Motion for Interlocutory Appeal ............................................. 2

II.  PDVSA's Frivolous Notice of Appeal Does Not Divest the Court of Jurisdiction to Enforce the Writs of Attachment ........................................................................ 2

III. PDVSA's Notice of Appeal Confirms that the Motion for Interlocutory Appeal Does Not Comply With Section 1292 ..................................................................... 5

CONCLUSION ..................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**

*Arthur Andersen LLP v. Carlisle*, 556 U.S. 624 (2009) ....................................................................3

*BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391 (5th Cir. 2017) ..............................4

*Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951 (9th Cir. 2017)........................4

*Cassirer v. Thyssen-Bornemisza Collection Found.*, No. 05-3459-JFW, D.I. 264
 (C.D. Cal. Apr. 16, 2015) (Exhibit 1) ........................................................................................4

*Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023).........................................................................1, 2, 3

*Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-MC-
 151-LPS, 2018 WL 4026738 (D. Del. Aug. 23, 2018)...........................................................1, 3

*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)....................................................2

*In re AE Liquidation, Inc.*, 451 B.R. 343 (D. Del. 2011) ..................................................................5

*In re Essar Steel Minn. LLC*, 607 B.R. 409 (D. Del. 2019)...............................................................5

*In re W.R. Grace & Co.*, No. BR 01-01139-AMC, 2021 WL 5279687 (D. Del.
 Nov. 12, 2021) ............................................................................................................................3

*Lewis v. Smith*, 2010 U.S. App. LEXIS 27606 (3d Cir. July 28, 2010)............................................3

*Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373 (1985)............................2

*Miron v. Seidman*, No. 04-968, 2006 WL 3742772 (E.D. Pa. Dec. 13, 2006) .................................5

*NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585 (6th Cir. 1987)...................................................2, 3

*OI Eur. Group B.V. v Bolivarian Republic of Venezuela*, No. 22-MC-156-LPS,
 2023 WL 3166727 (D. Del. Apr. 28, 2023)............................................................................1, 3

*OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157 (3d Cir.
 2023) ...........................................................................................................................................1

*Sansom Comm. by Cook v. Lynn*, 735 F.2d 1552 (3d Cir. 1984).....................................................2

*United States v. Leppo*, 634 F.2d 101 (3d Cir. 1980) .......................................................................4

**Rules**

Federal Rule of Appellate Procedure 38............................................................................................4

**Treatises**

Wright & Miller, 15A Fed. Prac. & Proc. Juris. § 3901 (3d ed.)......................................................3

As requested by the Court's December 4, 2023 order, the Seven Creditors submit their sur-reply brief "addressing only the impact [on the Court's jurisdiction and on the merits of the request for certification of an interlocutory appeal], if any, of PDVSA's notice of appeal" from the Court's November 1 memorandum opinion and order, D.I. 74 ("Order").

## INTRODUCTION

PDVSA's frivolous appeal has no impact on this Court's jurisdiction. The Venezuela Parties concede that the Court retains jurisdiction to rule on their motion for interlocutory appeal. Misc. No. 22-263 D.I. 82 ("Reply") at 1; *see* Misc. No. 23-397 D.I. 23 ("Motion"). But even after ruling on that Motion, the Court retains jurisdiction to perfect the writs and proceed with the Sale Process, as it already found in *OI Eur. Group B.V. v Bolivarian Republic of Venezuela*, No. 22-MC-156-LPS, 2023 WL 3166727, at *1 (D. Del. Apr. 28, 2023) ("*OIEG I*"), and *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17-MC-151-LPS, 2018 WL 4026738, at *2 (D. Del. Aug. 23, 2018) ("*Crystallex I*").

Moreover, the Court must retain jurisdiction over the case because PDVSA's Notice of Appeal, Misc. No. 23-397 D.I. 26 ("Notice of Appeal"), is a legal nullity. PDVSA stipulated that the Court should deny its sovereign immunity consistent with *OIEG II*, effectively waiving its FSIA arguments unless "*OIEG II* is reversed, modified, or overruled," which has not happened. Misc. No. 22-263 D.I. 51 ("Stipulation") at 3 (citing *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, 73 F.4th 157 (3d Cir. 2023) ("*OIEG II*")). PDVSA therefore describes its Notice of Appeal as "protective," but cannot dispute that the appeal lacks merit while *OIEG II* remains good law. Reply at 1. In the face of a frivolous appeal, as recently recognized in *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 745 (2023), district courts may certify an interlocutory appeal as frivolous and thereby retain jurisdiction to avoid unwarranted delay. The Court should do so here.

1

The Notice of Appeal also confirms that the Venezuela Parties' Motion does not comply with the requirements of Section 1292 because interlocutory appeal would not promote the ultimate termination of this litigation or the Sale Process more generally.

## ARGUMENT

### I. PDVSA'S NOTICE OF APPEAL DOES NOT IMPACT THE COURT'S JURISDICTION TO DENY THE VENEZUELA PARTIES' MOTION FOR INTERLOCUTORY APPEAL

As the Venezuela Parties concede, PDVSA's protective Notice of Appeal does not impact the Court's jurisdiction. Reply at 1.

Generally, "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc.*, 599 U.S. at 740 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)); *see also id.* (quoting *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)). However, "it is well recognized that a district court possesses residual jurisdiction to enter orders to assist in maintaining the true status quo pending disposition of an appeal." *Sansom Comm. by Cook v. Lynn*, 735 F.2d 1552, 1554 (3d Cir. 1984); *see also NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) ("[A] district court may not alter or enlarge the scope of its judgment pending appeal."). As the Venezuela Parties concede, Reply at 1, the Court retains jurisdiction because its decision on the Venezuela Parties' Motion, by itself, does not affect the issues subject to appeal and would neither enlarge nor alter the scope of the Court's Order pending appeal.

### II. PDVSA'S FRIVOLOUS NOTICE OF APPEAL DOES NOT DIVEST THE COURT OF JURISDICTION TO ENFORCE THE WRITS OF ATTACHMENT

As this Court previously found in *OIEG I* and *Crystallex I*, even *after* the Court rules on the Venezuela Parties' Motion, that Notice will still not divest this Court of jurisdiction or prevent it from perfecting the writs and otherwise moving forward with the Sale Process. "The

2

district court has jurisdiction to act to enforce its judgment so long as the judgment has not been stayed or superseded." *OIEG I* at *1 (quoting *NLRB*, 829 F.2d at 588); *Crystallex I* at *2 (same). The Court has twice rejected PDVSA's argument that a notice of appeal (including against a sovereign immunity determination) divests the Court of jurisdiction to enforce the judgment, noting that "the issues (if any) likely to arise in these actions during the pendency of the appeals . . . are unrelated to the issues on appeal." *OIEG I* at *2; *see also Crystallex I* at *1.

In addition, the Court would not be divested of jurisdiction because the appeal is frivolous, and the Court should certify it as such. The Supreme Court in *Coinbase* endorsed the procedure adopted by "nearly every circuit . . . by which a district court itself may certify that an interlocutory appeal is frivolous." 599 U.S. at 745 (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) ("Appellate courts can streamline the disposition of meritless claims and even authorize the district court's retention of" a case "when an appeal is certified as frivolous.")); *see also* Wright & Miller, 15A Fed. Prac. & Proc. Juris. § 3901 (3d ed.) ("trial-court proceedings are not stayed if the trial judge certifies that the appeal is frivolous," which has particular relevance for the "special setting of collateral order appeals from denials of immunity"). "Appeals are frivolous when they make '[c]laims that ignore contrary case law, offer no colorable argument or support, present incomprehensible arguments, or contain nothing of substance or merit.'" *In re W.R. Grace & Co.*, No. BR 01-01139-AMC, 2021 WL 5279687, at *4 (D. Del. Nov. 12, 2021) (quoting *Lewis v. Smith*, 2010 U.S. App. LEXIS 27606, at *7–8 (3d Cir. July 28, 2010)). PDVSA's appeal is frivolous by this standard: by stipulating to the denial of its sovereign immunity, PDVSA waived that argument, rendering any appeal on those grounds frivolous. Unless and until *OIEG II* is reversed, modified, or overruled, PDVSA's appeal manifestly lacks merit and can have no impact on the Court's jurisdiction or any other

3

legal consequence, save for an award of damages and double costs pursuant to Federal Rule of Appellate Procedure 38.

The Third Circuit has held that a frivolous notice of appeal does not divest a district court of jurisdiction, finding that "an appeal from the denial of a double jeopardy motion does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusions by written findings." *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980). In that case, "both the district court and court of appeals shall have jurisdiction to proceed." *Id.*; *see also BancPass, Inc. v. Highway Toll Admin., L.L.C.*, 863 F.3d 391, 399 (5th Cir. 2017) (collecting cases extending the frivolity exception to immunity defenses). The same rationale applies for FSIA defenses. *See Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 958 (9th Cir. 2017) (the "attempted interlocutory appeal was frivolous and/or waived" because the Ninth Circuit had already determined in a prior decision "that the district court could properly exercise jurisdiction pursuant to the FSIA"); *Cassirer v. Thyssen-Bornemisza Collection Found.*, No. 05-3459-JFW, D.I. 264 (C.D. Cal. Apr. 16, 2015) (order certifying the protective appeal as frivolous and waived) (attached as Exhibit 1).

The Court should certify PDVSA's Notice of Appeal as frivolous because it rests on no colorable argument or support and contains nothing of merit. The appeal is contrary to the express terms of PDVSA's own Stipulation, in which PDVSA waived its sovereign immunity defense and reserved the right to appeal on that basis "*[i]f OIEG II* is reversed, modified, or overruled," which has not happened. Stipulation at 3 (emphasis added). PDVSA filed its Notice of Appeal purportedly to preserve its rights consistent with the Stipulation, but there can be no dispute that the appeal lacks merit while *OIEG II* remains good law. The better course of action for PDVSA to have followed would have been to await the Supreme Court's determination of

4

*OIEG II* before petitioning this Court for relief from the Order, to the extent warranted. Because PDVSA instead elected to file an unnecessary and unmeritorious appeal, the Court may protect its jurisdiction and avoid any risk of delay in this proceeding by certifying the appeal as frivolous, without waiting for an affirmance by the Third Circuit.

### III. PDVSA's Notice of Appeal Confirms that the Motion for Interlocutory Appeal Does Not Comply With Section 1292

As set forth in the Seven Creditors' opposition to the Venezuela Parties' Motion, the ultimate goal of the Venezuela Parties' Motion is to delay and disrupt the Court-ordered Sale Process, which weighs heavily against certifying an issue for interlocutory appeal. *See* Misc. No. 23-397 D.I. 27 at 10–13 (explaining that rather than advance the ultimate termination of the litigation, an appeal now would cause delay, multiply expense, and potentially undermine the Sale Process). PDVSA's Notice of Appeal confirms the Venezuela Parties' readiness to use the Third Circuit as a foil to disrupt and delay the Sale Process, in this case going so far as to file an appeal on an issue to which PDVSA stipulated under binding precedent. Like the frivolous Notice of Appeal, the Motion advances a plainly meritless appeal to further the Venezuela Parties' objective of "promot[ing] piecemeal determination" of various aspects of the case, and "creat[ing] unnecessary delay." *In re Essar Steel Minn. LLC*, 607 B.R. 409, 418 (D. Del. 2019) (quoting *In re AE Liquidation, Inc.*, 451 B.R. 343, 348 (D. Del. 2011)). The most "efficient use of judicial resources" is for the Court to deny the Motion and allow all issues that the Venezuela Parties will inevitably challenge to be reviewed all together following a final Sale Order. *Miron v. Seidman*, No. 04-968, 2006 WL 3742772, at *3 (E.D. Pa. Dec. 13, 2006).

### CONCLUSION

This Court should deny the Venezuela Parties' Motion and certify PDVSA's appeal of the Court's November 1 Order pursuant to its Notice of Appeal as frivolous.

Dated:  December 12, 2023

Mark W. Friedman (admitted *pro hac vice*)
William H. Taft (admitted *pro hac vice*)
Sarah Lee (admitted *pro hac vice*)
Juan Fandiño (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York, 11001
Tel.: (212) 909 6000
mwfriedman@debevoise.com
whtaft@debevoise.com
slee1@debevoise.com
jfandino@debevoise.com

Respectfully submitted,

*/s/ Theodore A. Kittila*
Theodore A. Kittila (Bar No. 3963)
HALLORAN FARKAS + KITTILA LLP
5801 Kennett Pike, Suite C/D
Wilmington, Delaware 19807
Tel.: (302) 257 2025
tk@hfk.law

*Counsel for Gramercy Distressed Opportunity Fund LLC*

Steven F. Molo (admitted pro hac vice)
Justin M. Ellis (admitted pro hac vice)
Lauren F. Dayton (admitted pro hac vice)
Mark W. Kelley (admitted pro hac vice)
MoloLamken LLP
430 Park Avenue, 6th Floor
New York, NY  10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (#3816)
Jennifer L. Cree (#5919)
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE  19801
Tel.: (302) 467-4400
butcher@lrclaw.com
cree@lrclaw.com

Lois S. Ahn (admitted pro hac vice)*
MoloLamken LLP
600 New Hampshire Avenue, NW, Suite 500
Washington, DC  20037
Tel.: (202) 556-2000
Fax: (202) 556-2001
*admitted only in New York; practice limited to matters
before federal courts and federal agencies

*Counsel for the Contrarian Parties*

6

| | |
|---|---|
| Alexander A. Yanos (admitted *pro hac vice*)<br>ALSTON & BIRD, LLP<br>90 Park Avenue, 15th Floor<br>New York, NY 10016<br>Tel.: (212) 210-9400<br>alex.yanos@alston.com<br><br>Robert Poole (admitted *pro hac vice*)<br>ALSTON & BIRD, LLP<br>1201 W. Peachtree St. NE, Suite 4900<br>Atlanta, GA 30309<br>Tel.: (404) 881-4547<br>robert.poole@alston.com | */s/ Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>Peter J. Keane (DE Bar No. 5503)<br>PACHULSKI STANG ZIEHL & JONES LLP<br>919 North Market Street, Suite 1700<br>P.O. Box 8705<br>Wilmington, DE 19899<br>Tel.: (302) 652-4100<br>ljones@pszjlaw.com<br>pkeane@pszjlaw.com |

*Counsel for Saint-Gobain Performance Plastics Europe*

| | |
|---|---|
| Miguel López Forastier (admitted *pro hac vice*)<br>Mark Herman (admitted *pro hac vice*)<br>COVINGTON & BURLING LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, D.C. 20001<br>Tel.: (202) 662-5185<br>mlopezforastier@cov.com<br>mherman@cov.com | */s/ Sarah E. Delia*<br>Andrew S. Dupre (#4621)<br>Sarah E. Delia (#5833)<br>MCCARTER & ENGLISH LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Tel.: (302) 984-6300<br>adupre@mccarter.com<br>sdelia@mccarter.com |

*Counsel for Tidewater Investment SRL & Tidewater Caribe S.A.*

| | |
|---|---|
| Miguel López Forastier (admitted *pro hac vice*)<br>José E. Arvelo (admitted *pro hac vice*)<br>COVINGTON & BURLING LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, D.C. 20001<br>Tel.: (202) 662-5185<br>mlopezforastier@cov.com<br>jarvelo@cov.com | */s/ Sarah E. Delia*<br>Andrew S. Dupre (#4621)<br>Sarah E. Delia (#5833)<br>MCCARTER & ENGLISH LLP<br>Renaissance Centre<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Tel.: (302) 984-6300<br>adupre@mccarter.com<br>sdelia@mccarter.com |

*Counsel for Valores Mundiales, S.L. and Consorcio Andino, S.L.*

                                                               */s/ Sarah T. Andrade*
Stephen B. Brauerman (#4952)
Sarah T. Andrade (#6157)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Tel.: (302) 655-5000
sbrauerman@bayardlaw.com
sandrade@bayardlaw.com

*Counsel for Pharo Gaia Fund, Ltd., Pharo Macro Fund, Ltd., and Pharo Trading Fund, Ltd.*

| Anthony J. Costantini, Esq. | */s/ Mackenzie M. Wrobel* |
| --- | --- |
| Stephanie Lamerce, Esq. | Christopher M. Winter (DE 4163) |
| DUANE MORRIS LLP | James C. Carignan (DE 4230) |
| 1540 Broadway | Mackenzie M. Wrobel (No. 6088) |
| New York, NY 10036-4086 | Tracey E. Timlin (No. 6469) |
| Telephone: (212) 692-1006 | 1201 N. Market Street, No. 501 |
| Facsimile: (212) 202-4486 | Wilmington, DE 19801 |
| AJCostantini@duanemorris.com | Tel.: (302) 657-4900 |
| SLamerce@duanemorris.com | cmwinter@duanemorris.com |
| (to be admitted *pro hac vice*) | jccarignan@duanemorris.com |
|  | mmwrobel@duanemorris.com |
|  | ttimlin@duanemorris.com |

*Counsel to Rudi Lovati and Alessandro Lucibello Piani*

8