# Exhibit 1

On April 14, 2015, Plaintiffs filed their Application, arguing that the Foundation's appeal is frivolous and has been waived. Specifically, Plaintiffs argue that the Foundation's appeal is frivolous because the Foundation's claim of sovereign immunity is foreclosed by the Ninth Circuit's prior decisions in this case. In addition, Plaintiffs argue that the Foundation waived its right to appeal because the Foundation's Notice of Appeal was filed more than thirty (30) days after the Court's March 13, 2015 Order. The Court agrees.

An appeal from the denial of sovereign immunity is frivolous if "the result is obvious or the arguments of error are wholly without merit." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996). In this case, the Foundation's claim of sovereign immunity is foreclosed by the Ninth Circuit's prior decisions in *Cassirer v. Kingdom of Spain*, 461 F. Supp. 2d 1157 (C.D. Cal. 2006), *aff'd in part, rev'd in part*, 580 F.3d 1048 (9th Cir. 2009), *on reh'g en banc*, 616 F.3d 1019 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 3057 (2011). Indeed, the Ninth Circuit has already held, on two separate occasions, that the Foundation is not entitled to sovereign immunity under the FSIA. Accordingly, the Court concludes that the Foundation's appeal is frivolous.

In addition, the Court concludes that the Foundation has waived its right to appeal. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), "the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." In this case, the Foundation filed its Notice of Appeal on April 10, 2015, which was more than thirty (30) days after the Court's March 13, 2015 Order. Accordingly, the Court concludes that the Foundation has waived its right to appeal.

For all the foregoing reasons, Plaintiffs' Application is GRANTED. The Court certifies that the Foundation's interlocutory appeal is frivolous and has been waived, and that the Foundation has forfeited its right to pre-trial appeal. The Court will continue to exercise its jurisdiction over this action.

IT IS SO ORDERED.

Page 2 of 2                                                             Initials of Deputy Clerk  sr

Plaintiff's Application seeks an order certifying that the Foundation's interlocutory appeal is frivolous and/or waived. Given that the Court would be divested of jurisdiction absent such an order and given the multiple motions currently pending before the Court, the Court finds that *ex parte* relief is warranted.

The Court concludes that the Foundation's interlocutory appeal is frivolous and that the Foundation waived its right to pursue an interlocutory appeal of the Court's denial of sovereign immunity. Indeed, the Ninth Circuit already determined in 2010 that the Court could properly exercise jurisdiction over the Foundation under the FSIA, *see Cassirer v. Kingdom of Spain*, 616 F.3d 1019 (9th Cir. 2010), and on October 31, 2014, Judge Feess struck the Foundation's Foreign Sovereign Immunity Act and Subject Matter Jurisdiction Affirmative Defenses on the grounds that the Ninth Circuit had already adjudicated the issues raised by those affirmative defenses [Docket No. 206]. The Foundation did not file an appeal from Judge Feess October 31, 2014 Order or file a motion for reconsideration within 28 days of that Order. Instead, after waiting almost three months, on January 20, 2015, the Foundation filed an untimely and improper motion for reconsideration of Judge Feess' Order disguised as a summary judgment motion. Indeed, in its March 13, 2015 Order denying that motion [Docket No. 245], this Court held in relevant part: "[T]he Court concludes that the Foundation's argument regarding lack of jurisdiction under the FSIA constitutes an improper request for reconsideration of Judge Feess's October 31, 2014 Order striking the Foundation's FSIA and Subject Matter Jurisdiction Defenses."

Under the applicable Federal Rules of Appellate and Civil Procedure, the Foundation was required to file its interlocutory appeal within thirty days of Judge Feess' October 31, 2014 Order, unless it filed a timely motion for reconsideration which it failed to do. *See* Fed. R. App. P. 4; Fed. R. Civ. P. 59, 60. Accordingly, the Court concludes that the time to appeal the denial of sovereign immunity has expired, and thus certifies that the Foundation's interlocutory appeal is frivolous and/or waived.

For the foregoing reasons, Plaintiff's Application is **GRANTED.**

IT IS SO ORDERED.